UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA NEIDITCH,<br><br>    Plaintiff<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 15-cv-3177-GJS<br><br>**ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE** |

**INTRODUCTION**

In this social security disability benefits case, the administrative law judge ("ALJ") conducted a hearing at which he thoroughly questioned plaintiff Patricia Neiditch ("Plaintiff"), advised Plaintiff that she and her counsel were free to explain why she believed she was entitled to benefits, received medical records into evidence, *specifically asked counsel if there were additional records and held the record open for supplementation with additional records* (which were received), and issued a detailed opinion. Now, dissatisfied with the ALJ's determination, Plaintiff claims that the ALJ should have contacted her doctor to assist the ALJ in reading some partially illegible records, even though neither Plaintiff nor her counsel has, to this day, pointed to any illegible portion of those records that

allegedly further supports her position or is inconsistent with or adds to the portions on which the ALJ relied. As explained below, the ALJ met his obligation to fully develop the record. It was Plaintiff who did not meet her burden to prove her entitlement to benefits. The Court therefor affirms the decision of the ALJ denying benefits.

## PROCEDURAL HISTORY

Neiditch applied for disability benefits on August 15, 2012, alleging disability based on mood disorder and post-traumatic stress disorder ("PTSD") beginning April 1, 2011 (Administrative Record ("AR") 95). After Plaintiff's claims were initially denied, she requested a hearing before an ALJ. (AR 65-69, 72-78,) The ALJ held a hearing on August 7, 2013, and heard testimony from both Plaintiff and a vocational expert. (AR 34-56.) The ALJ issued an unfavorable decision on September 9, 2013. (AR 7-23.) The Appeals Counsel denied Plaintiff's request for review on April 22, 2015. Plaintiff subsequently appealed to this Court. The parties consented to the jurisdiction of the undersigned Magistrate Judge. The parties completed briefing and the case is ready for decision.

## FACTUAL BACKGROUND

The Court summarizes only the facts related to the sole issue pressed here: whether the ALJ satisfied his duty to develop the record adequately.

### I. Plaintiff's Hearing And The Records At Issue

On August 7, 2013, the ALJ held a hearing to determine Plaintiff's entitlement to disability benefits. (AR 34.) Present at the hearing were the ALJ, Plaintiff, Plaintiff's counsel, and a vocational expert. (*Id.*) At the very beginning of the hearing, the ALJ informed Plaintiff that the hearing was informal – without strict rules of evidence – and that if she didn't understand what was transpiring or "would like to add" anything to the proceeding, she was free to address the ALJ either

"directly or through [her] representative." (AR 36.) The ALJ asked Plaintiff's counsel if he had reviewed the record, to which he responded he had, and whether he had any objections to the admissibility of any of the exhibits provided, which included medical records. (AR 37.) Counsel responded that he had no objections and made no comments on the evidence at that time. (*Id.*)

Later in the proceeding, the ALJ questioned Plaintiff about her treatment with her psychiatrist, Dr. Fairchild. Plaintiff indicated that she saw Dr. Fairchild approximately every three weeks, and had been seeing him since May 2011. (AR 42.) Given that she'd seen him "in excess of 20 – 30 times," the ALJ asked counsel if he had obtained and intended to provide more records than those already contained in the admitted exhibits, even "suggest[ing] it would be a good idea." (AR 42-43.) Counsel responded in the affirmative, and the ALJ held the record open to receive those records. (AR 42-43, 54.)

At one point in during the hearing the ALJ noted that Dr. Fairchild's handwriting was difficult to read. (AR 43.) Although counsel presented Plaintiff's position about disability and her medical impairments at the hearing, he did not point to any specific support in the medical records that were already in evidence – or comment that something illegible should be clarified for further support – nor did he provide any comment when the further records were submitted.

## II.   The ALJ's Decision

As to Plaintiff's mood disorder and PTSD, the ALJ found as follows: "the claimant's mental impairments have caused and continue to cause mild restriction of activities of daily living, moderate difficulty in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, but no difficulties with regard to simple repetitive tasks, and no episodes of decompensation of extended duration." (AR 13.) The ALJ further found that this level of limitation in adaptive functioning did not meet or medically equal a listing,

specifically considering whether the "paragraph B" criteria (detailed in the ALJ's opinion) were met. (*Id.*)

The ALJ supported his findings with a detailed analysis of the testimony, statements of record, and other medical evidence of record. (AR 15-18.) In addition to Plaintiff's testimony, the ALJ considered and discussed her "Adult Function Report" as well as the "Third Party Function Report" of her husband. (AR 15.) The ALJ found Plaintiff not fully credible as to the severity of her symptoms based, in part, on her own admissions about her activities of daily living. (*Id.*)[1]

The ALJ considered and discussed the objective medical records as well, noting that claimant had received minimal and conservative treatment for depression. (AR 16.) The psychiatric evaluation of consultative physician Dr. Aguilar noted that Plaintiff's mood was "slightly depressed," that she had "thought processes and thought content were within normal limits," performed adequately on memory tests, and that her "fund of knowledge and intelligence were within normal limits." (AR 15-16.) Dr. Aguilar's report noted that Plaintiff had good eye contact and that she was cooperative. Dr. Aguilar reported a GAF of range of 65-70, indicating mild symptoms. (*Id.*)

A consultative report performed by psychologist Dominque Benavidez, PhD, found a GAF score of 51, indicating moderate symptoms. Dr. Benavidez also did formal testing showing average intellectual functioning and an average ability to sustain attention, concentration, and mental control. There were no specific functional limitations indicated that would affect Plaintiff's capacity for work-related activities. (AR 16.)[2]

---

[1] Plaintiff does not challenge the ALJ's finding that she was less than credible when describing the severity of her symptoms.

[2] The ALJ actually gave *more* credit to Plaintiff's complaints than did the consultative M.D. and PhD, as he found that she did have certain severe mental

4

1    Finally, the ALJ discussed the "mostly illegible" records from Dr. Fairchild,
2  noting that despite his difficulty reading the records, he could discern that Dr.
3  Fairchild indicated Plaintiff had no difficulty with intellectual functioning and
4  reality contact. (AR 17.) The notes also detailed Plaintiff's treatment with certain
5  medications, which she admitted were generally effective in controlling her
6  symptoms (AR 15.) The ALJ noted that Dr. Fairchild stated that Plaintiff's ability
7  to function was "impaired and her ability to adapt to work situations was poor" and
8  that she suffered from major depressive disorder. The ALJ gave limited weight to
9  these latter statements in part because they were not inconsistent with the record as a
10 whole. (AR 17.)

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. Whether an ALJ satisfies his duty to develop the record is an issue of legal error. *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 929 (9th Cir. 2014).

---

impairments, which the consultants had not. [AR 17.]

5

## DISCUSSION

It is unquestionable that Plaintiff cannot "be considered to be under a disability unless [s]he furnishes such medical and other evidence of the existence thereof as the Secretary may require." 42 U.S.C. § 423(d)(5); *see* 20 C.F.R. §§ 404.1512(a)&(c). Put another way, she bore the "duty to prove that she was disabled." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Although the burden is on the claimant to show she is disabled, the Commissioner shares the burden of developing the record evidence. "In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)).

Nonetheless, the ALJ is not a roving investigator; his duty to "to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes,* 276 F.3d at 459-60 (emphasis added); *see Webb*, 433 F.3d at 683 (explaining that the duty to enlarge the record only arises if the evidence is ambiguous, the ALJ finds that the record is inadequate, or the ALJ relies on an expert's conclusion that the evidence is ambiguous). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)(citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1998)).

As an initial matter, the ALJ ***did*** supplement the record here, urging counsel to provide more records from Plaintiff's treating psychiatrist and holding the record open for those progress notes. And in any event, although the ALJ noted that he could not discern all of Dr. Fairchild's notes, those that were legible were not inconsistent with other record evidence, and there was no indication – from context

or from claimant's counsel – that anything illegible would render the record ambiguous such as to trigger any further duty by the ALJ to supplement the record. Thus, the ALJ fully met his duty to fully develop the record. It was Plaintiff burden, not that of the ALJ, to prove her entitlement to disability. She failed to do so, and, even in this appeal, nothing counsel has provided or pointed to indicates that the ALJ's decision is unfounded or in error.

## CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, **IT IS ORDERED** that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

**IT IS SO ORDERED.**

DATED: February 16, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE